UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kathy W. Coleman, | ) | CASE NUMBER 1: 10 CV 1321 |
| | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| City of Cleveland, et al., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion of *pro se* plaintiff Kathy Coleman for Recusal of Judge Donald C. Nugent and Magistrate Judge Greg White pursuant to 28 U.S.C. §§ 144 and 455 (ECF #34) and Plaintiff's Motion for Dismissal without Prejudice pursuant to Fed. R. Civ. P. 41. (ECF #36)

Moving first to Plaintiff's Motion for Recusal, Plaintiff asserts in her motion and her affidavit of bias that both Judge Nugent and Magistrate Judge White are prejudiced and biased against her. 28 U.S.C. §§ 144 and 455 govern judicial recusal for bias or prejudice against, or in favor of, one party to a proceeding. Pursuant to § 144 a party must submit a sufficient affidavit, "not less than ten days before the beginning of the term at which the proceeding is to be heard," that the judge before whom the proceeding is pending "has a personal bias or prejudice either against him or in favor of any adverse party." Pursuant to § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) lists five circumstances in which a judge must disqualify himself. Pursuant to § 455(b)(1),

a judge must disqualify herself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

In this case, Ms. Coleman's recusal affidavit under § 144 may be insufficient. She did not include a certificate of counsel of record stating that the affidavit was made in good faith, as required by the statute. 28 U.S.C. § 144. Ms. Coleman proceeds without counsel, which arguably waives this requirement. However, the Fifth Circuit requires a *pro se* litigant to sign a certificate of good faith himself to meet the technical requirements of § 144. *Parker v. Bd. of Supervisors Univ. of Louisiana–Lafayette,* No. 07–31080, 270 Fed.Appx. 314, 2008 WL 724600, at *6 (5th Cir. Mar.18, 2008). The Sixth Circuit has not decided this issue, although it stated "[t]he requirements of §144 are strictly construed to prevent abuse because the statute is heavily weighted in favor of recusal." *Scott v. Metro. Health Corp.,* Nos. 05–1948, 05–1942, 06–1122, 06–1652, 234 Fed. Appx. 341, 2007 WL 1028853, at * 9 (6th Cir. Apr.3, 2007). The Court finds that it need not resolve the issue of whether—and how—a *pro se* litigant can request recusal under § 144. Ms. Coleman's affidavit, even if considered, is legally insufficient to support disqualification under §§ 144 and 455.

Both statutes require a showing of "personal bias or prejudice" to support mandatory recusal. The Sixth Circuit states:

> To warrant recusal of a district judge, a party must allege facts
> which a reasonable person would believe would indicate a judge
> has a personal bias against the party. Judicial bias must be
> predicated on a personal bias as distinguished from a judicial one,
> arising out of the judge's background and association and not from
> the judge's view of the law.

*Taylor Acquisitions, L.L.C. v. City of Taylor,* No. 07–2242, 313 Fed.Appx. 826, 2009 WL

2

415993, at *11 (6th Cir. Feb.19, 2009) (internal citations and quotation marks omitted). "

'Personal' bias is prejudice that emanates from some source other than participation in the

proceedings or prior contact with related cases." *Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th

Cir.2003).

Here Plaintiff complains of the Court's rulings throughout her case as well as the

scheduling of status conferences. As a matter of law, these complaints do not support a claim

of personal bias or prejudice. Further, Plaintiff's unsupported claim that Judge Nugent is

"acquaintances of Defendants Mayor Frank Jackson and Judge Kathleen Ann Keough" fails to

demonstrate bias or prejudice. Accordingly, Plaintiff's Motion for Recusal (ECF #34) is

denied.

The Court will delay ruling on Plaintiff's Motion to Dismiss without Prejudice so that

Defendants may file a response.   A hearing on Plaintiff's Motion to Dismiss is set on August

30, 2012 at 9:00 a.m. before Magistrate Judge Greg White in Chambers 11B. Plaintiff and

counsel for Defendants shall appear at the hearing.

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: *August 15, 2012*

3