**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

KATHY WRAY COLEMAN,     )     CASE NO. 1:10-CV-01321
                            )
      Plaintiff,             )
                            )     JUDGE DONALD C. NUGENT
v.                             )
                            )
CITY OF CLEVELAND, *et al.*,     )     MAGISTRATE JUDGE GREG WHITE
                            )
      Defendants.        )     **REPORT AND RECOMMENDATION**

      This matter was referred for pretrial supervision, authorizing the Court to: 1) hold a Case Management Conference and Status Hearing; (2) enter and enforce pretrial orders including, but not limited to, orders pertaining to discovery matters; (3) sign all stipulated orders; (4) issue any preliminary orders and conduct any necessary evidentiary hearing or other appropriate proceeding pursuant to Local Rule 72.1; and, (5) file with the Court a report containing proposed findings and recommendation for disposition of case-dispositive motions.  (ECF No. 29.)  For the reasons stated below, it is recommended that this matter be DISMISSED with prejudice pursuant to Federal Rule of Civil procedure 41(b) for failure to prosecute and failure to comply with court orders.

### I.  Procedural History

**A.  Procedural History Prior to Referral**

      On June 15, 2010, Plaintiff Kathy Wray Coleman, currently *pro se* (hereinafter "Plaintiff"), filed a Complaint against the City of Cleveland and numerous City of Cleveland officials and/or employees (hereinafter "Cleveland Defendants"), Sheriff's Deputy Eric Mullen,

and Wendell Scott Ramsey and Carole A. Lohr – her defense attorneys in state court.  (ECF No. 1.)  Though filed by counsel, Plaintiff's complaint is difficult to understand.  Nonetheless, it generally avers a 42 U.S.C. § 1983 action, abuse of process, malicious prosecution, and intentional infliction of emotional and mental distress against all Defendants in connection with her arrest and prosecution in Cleveland Municipal Court, where she was convicted of resisting arrest.[1]  (ECF No. 1-1 at ¶¶36-40.)  She also asserts malpractice and negligence claims against attorneys Ramsey and Lohr, and a violation of Ohio Revised Code § 2317.02 against several of the Cleveland Defendants.  (ECF No. 1-1 at ¶¶41-42.)

The Cleveland Defendants and Defendant Lohr, separately, filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[2]  (ECF Nos. 4 & 5.)  Deputy Mullen filed an Answer, while Defendant Ramsey never responded.  (ECF No. 6.)  The District Court Judge dismissed the action with prejudice on August 6, 2010, after Plaintiff failed to attend a status conference that she was notified of in person and in writing.[3]  (ECF Nos. 16 & 19.)  After a successful appeal by Plaintiff, this matter was remanded by the Sixth Circuit Court of Appeals and subsequently

---

[1]  Plaintiff's Count III alleges false imprisonment/false arrest against "Defendants Bozza, Nunez and City of Mayfield Heights and Parker."  (ECF No. 1-1 at ¶38.)  None of these defendants are named in the case at bar.  However, some of the same facts alleged in the Complaint herein formed the basis of a similar action Plaintiff filed against numerous officials and/or employees of Cuyahoga County, the City of Mayfield Heights, the City of Lyndhurst, and defense counsel a few months later in the United States District Court for the Northern District of Ohio. (*See* 1:10-cv-02495, ECF No. 1.)  The statute of limitations expired for many of those claims, while others failed to state actionable claims.  (ECF No. 5.)  The Court noted that Plaintiff had filed a substantially similar action which she had previously dismissed without prejudice.  *Id*.  Finally, the District Court declined to exercise jurisdiction over Plaintiff's state law claims.  *Id*.

[2]  On July 19, 2012, the motions to dismiss, which were never addressed prior to the dismissal, were deemed renewed after the case was remanded from the Sixth Circuit.  (ECF No. 32.)  Plaintiff received two extensions of time to respond to said motions.  (ECF Nos. 45 & 50.)  Although Plaintiff captions her October 9, 2012 filing as, among other things, a "Brief in Opposition to All Defendants Motions to Dismiss," said document is not responsive to the arguments raised in the motions to dismiss.  (ECF No. 51.)

[3]  Plaintiff's counsel was permitted to withdraw on July 26, 2010.  (ECF No. 13.)

referred to this Court on June 20, 2012.  (ECF Nos. 27-28, 29.)

**B.  Procedural History Since Referral**

On June 26, 2012, this Court set an in-person status conference for July 26, 2012.  (ECF No. 30.)  Plaintiff was informed of the conference both by telephone and at the address provided on the docket.[4]  After being informed by Plaintiff that she would not be attending due to her need to care for a sick parent and based on the representation that she would be in Cleveland during the second week of August, the Court rescheduled the status conference for August 15, 2012. (ECF No. 33.)  Plaintiff was expressly warned that "[f]ailure to attend may result in sanctions which could include, in case of Plaintiff, dismissal of this action with prejudice."  *Id.*

Nonetheless, Plaintiff failed to attend the status conference scheduled for August 15, 2012.  She did telephone the Court to indicate that she would not attend, though her absence was neither approved nor excused.  (ECF No. 37.)  Instead, one day prior to the scheduled conference, Plaintiff filed a motion for recusal, an affidavit of prejudice, and a motion for dismissal without prejudice.[5]  (ECF Nos. 34-36.)  The motion for recusal was denied by Judge Nugent on August 15, 2012, and a hearing was set for August 30, 2012, to address the motion to dismiss.  (ECF No. 38.)  On August 28, 2012, Plaintiff telephoned the Court to inquire whether the parties were required to appear at the hearing on her motion to dismiss without prejudice set for August 30, 2012.  When informed that her attendance was required, Plaintiff indicated that she would not attend, though she did state that she would be in Cleveland on August 29, 2012 to meet with attorneys.  The day before the scheduled hearing, Plaintiff withdrew her motion to dismiss without prejudice.  (ECF No. 42.)  Thereafter, the hearing set to address the motion was

---

[4]  Based on Plaintiff's return call the following day, it is clear that Plaintiff received notice.  During that call, she also advised that the 3901 Silsby Road, University Hts, Ohio 44118, address was a good address.  Plaintiff advised she has two homes, but declined to provide the Court with another address, though she indicated that she was in Kentucky at the time. Approximately three weeks later, she provided the Court with the additional address of 3630 Breckenridge Lane, Louisville, KY 40218.

[5]  Defendant Mullen did not oppose the motion to dismiss without prejudice (ECF No. 40), but the Cleveland Defendants filed a brief in opposition.  (ECF No. 41.)

cancelled.  (ECF No. 45.)

The Court scheduled an in-person case management conference ("CMC") for September 18, 2012.  (ECF Nos. 45 & 46.)  Plaintiff was mailed a copy at her Kentucky address.  One day prior to the scheduled hearing, Plaintiff telephoned the Court and indicated that she would not be in attendance.  Her absence was neither approved nor excused.  Defense counsel represented in both the Report of the Planning Meeting and at a subsequent hearing on October 10, 2012, that Plaintiff did not contact them as required to participate in the planning meeting or furnish them with an email or telephone number where she could be reached.  (ECF No. 47.)  Plaintiff claims defense counsel ignored her calls prior to the CMC.  (ECF No. 51.)  In lieu of attending the CMC or obtaining a timely court-approved continuance, Plaintiff filed a second motion to dismiss without prejudice the day before the conference.  (ECF No. 48.)  Plaintiff, along with Defendants Lohr and Ramsey, failed to appear for the CMC.  (ECF No. 49.)

Finding that Plaintiff had repeatedly and contumaciously failed to attend hearings set by the Court, the Court set a Show Cause Hearing for October 10, 2012.  (ECF No. 50.)  Again Plaintiff was warned that "**[f]ailure to attend may result in sanctions which could include, in case of Plaintiff, dismissal of this action with prejudice**." *Id*. (emphasis in original).  Plaintiff was explicitly informed in the order that telephone calls advising the Court that she will not be in attendance will not excuse an absence and that the filing of motions will "not relieve any party of his or her obligation to attend absent an express order of the Court issued at least 48 hours prior to the scheduled hearing." *Id*.  Despite the Court's order, Plaintiff telephoned the Court near the close of business the day before the hearing and the morning of the hearing regarding her most recent filing.  (ECF Nos. 51 & 52.)  Plaintiff indicated that she did not plan to attend the hearing.  During both telephone calls, Plaintiff was informed that her attendance was required. *Id*.  Nevertheless, Plaintiff failed to attend. *Id*.  In her filing, Plaintiff again withdrew her motion and stated as follows: "Plaintiff also withdraws her motion for dismissal without prejudice on the briefs since this Court is requiring her attendance ..."  (ECF No. 51 at 5.)  In the very same document wherein she seeks to withdraw her motion to dismiss without prejudice, she indicates that she is now seeking a *sua sponte* dismissal without prejudice. *Id*.

4

## II.  Discussion

As noted by the Sixth Circuit Court of Appeals when this matter was remanded after it was first dismissed for failure to prosecute:

> A dismissal for failure to prosecute is a "harsh sanction" which should be ordered "only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614-15 (6th Cir. 1998)). "Contumacious" has been defined as "perverse in resisting authority" and "stubbornly disobedient." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).  When reviewing a dismissal for failure to prosecute, we consider four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Wu*, 420 F.3d at 643.  We will reverse a Rule 41(b) dismissal if we find an abuse of discretion. *Id.*

(ECF No. 27.)

The Sixth Circuit has also explained that "although 'none of the factors is outcome dispositive, a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Fharmacy Records v. Nassar*, 379 Fed. Appx. 522, 524 (6th Cir. 2010), *citing Schafer*, 529 F.3d at 737 (*quoting Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

The Court finds that the above behavior of Plaintiff is indicative of contumacious conduct.  Her repeated failure to attend exhibits both willful and bad faith conduct.  Plaintiff has repeatedly ignored this Court's orders and steadfastly refused to attend a single scheduled conference.  She has engaged in a clear pattern of attempting to avoid attending hearings by filing eleventh hour motions seeking to either dismiss the case without prejudice, or withdrawing such motions just before a hearing.  According to the Court's staff notes, during repeated telephone calls, Plaintiff has used abusive and combative language with the Court staff, threatened to file an affidavit of prejudice if the Court did not reschedule a conference as requested,[6] and threatened to file additional lawsuits.  She has consistently maintained that she

---

[6]  Plaintiff filed an affidavit of prejudice one day after she threatened to do so when her oral request for a continuance was not approved.  (ECF No. 35.)

5

should not, and that the Court could not, require her to attend any conference or hearing in person.  She has also filed frivolous motions for recusal and affidavits of prejudice. Her latest filing, submitted the night before the October 10, 2012 show cause hearing, illustrates the bad faith behind Plaintiff's filings.  Therein, Plaintiff actually attempts to withdraw a motion to dismiss without prejudice, while simultaneously renewing the request.[7]  (ECF No. 51 at 5.) Since this matter was been remanded by the Sixth Circuit Court of Appeals, Plaintiff has failed to attend three conferences – all three absences were without the Court's approval.  There is no dispute that she had notice of all three conferences, as she was mailed copies to the address she provided.  Notice is further confirmed by her repeated telephone calls and filings before the scheduled hearings.

Plaintiff was warned repeatedly that failure to attend could result in a dismissal with prejudice.  Plaintiff clearly has no respect for the opposing parties or their counsel, for this Court, or for the litigation process in general.  The Court finds that Defendants have been prejudiced, as this action has been completely stalled by Plaintiff's dilatory behavior.  When informed during her telephone call on the morning of the Show Cause Hearing that her attendance was required, Plaintiff again threatened to file an affidavit of prejudice, asserted that the Court had no right to go forward with the hearing, and that the Court would lose on appeal.

The Court contemplated less drastic sanctions than dismissal with prejudice.  Instead of dismissing this matter with prejudice after Plaintiff's first or even second unexcused absence, the Court set this matter for a Show Cause Hearing.  While Plaintiff clearly wants her lawsuit to either remain pending or be dismissed *without* prejudice, the Court finds her motives questionable.  Though Plaintiff is "active" in filing a variety of documents, she has made no effort whatsoever to move the case along.  To the contrary, Plaintiff has brought the present

---

[7]  Plaintiff appears to believe that the withdrawal of her motion to dismiss without prejudice obviated the need for a show cause hearing scheduled to address her habitual non-compliance with Court orders.  Plaintiff's position cannot be held in good faith in light of the Court's unequivocal order stating that the filing of motions will not relieve any party of his or her obligation to attend the scheduled show cause hearing.  (ECF No. 50.)

litigation to a grinding halt, causing this case to languish in the pre-discovery phase.  Despite the Court's best efforts to move this case forward, all efforts have been completely thwarted by Plaintiff's dilatory tactics.[8]  The Court, therefore, harbors serious reservations whether Plaintiff has any real desire to reach a stage where this action can be addressed on its merits.  While the Court has considered less drastic sanctions, the Court is left with no other viable remedy, as it has been unsuccessful in compelling Plaintiff to prosecute her case.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (district courts have the inherent power to dismiss *sua sponte* for lack of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")

Finally, during the show cause hearing, counsel for Defendant Mullen represented that there is a warrant out for Plaintiff's arrest for failing to appear at the sentencing concerning her resisting arrest conviction in Cleveland Municipal Court.  This Court has no direct knowledge of an outstanding warrant, though Plaintiff has previously indicated that she was apprehensive about appearing in Court for fear of arrest.  (ECF No. 31 at 2.)  Plaintiff's fear of arrest, whether real or imagined, does not excuse her failure to prosecute this action or her failure to comply with the Court's orders.

---

[8]  Although the Court's decision is based solely on Plaintiff's conduct before this Court, it does take judicial notice of the fact that Plaintiff was declared a "vexatious litigator" by the Cuyahoga County Court of Common Pleas in Ohio on December 27, 2010.  Judge Timothy J. McGinty found that "Coleman's conduct obviously serves merely to harass or maliciously injure another party to the civil action." http://www.supremecourt.ohio.gov/Clerk/vexatious/default.asp In addition, Plaintiff has filed no less than eight other actions in this Court, only one of which reached the summary judgment stage.  Five were dismissed simultaneously on defendants' motion to dismiss, another was dismissed on defendants' motion for judgment on the pleadings, one was dismissed by Plaintiff without prejudice only to be refiled and later dismissed by the Court as described above in footnote one. *See* 1:89-cv-01906; 1:97-cv-00573; 1:98-cv-00951; 1:98-cv-01602; 1:99-cv-00761; 1:00-cv-02155; 1:09-cv-02164; 1:10-cv-02495.

For the foregoing reasons, it is recommended that Plaintiff's Motion to Dismiss *without* prejudice be DENIED (ECF No. 48), and that this action be DISMISSED *with* prejudice for failure to prosecute and failure to comply with court orders.

s/ Greg White
United States Magistrate Judge

Date: October 15, 2012

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

8